NOEL M. COOK, SBN 122777
ALICA DEL VALLE, SBN 246006
OWEN, WICKERSHAM & ERICKSON, P.C.
455 Market Street, 19th Floor
San Francisco, CA 94105
Telephone: (415) 882-3200
Facsimile: (415) 882-3232
E-Mail:    ncook@owe.com
           adelvalle@owe.com

Attorneys for Plaintiff
KINETIC KOFFEE COMPANY, INC.

E-filing

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KINETIC KOFFEE COMPANY, INC.,

　　　　Plaintiff

v.

KINETIC COFFEE, INC.,

　　　　Defendant.

Case No.: C 07 2563 EMC

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES FOR:
(1) FEDERAL STATUTORY TRADEMARK INFRINGEMENT [15 U.S.C. § 1114];
(2) COMMON LAW TRADEMARK INFRINGEMENT;
(3) FALSE DESIGNATION OF ORIGIN [15 U.S.C. § 1125(a)];
(4) STATUTORY UNFAIR COMPETITION [Cal. Prof. Code § 17200 *et seq.*]
(5) COMMON LAW UNFAIR COMPETITION

DEMAND FOR JURY TRIAL

Plaintiff Kinetic Koffee Company, Inc. ("Kinetic" or "Plaintiff") alleges as follows:

## JURISDICTION & VENUE

1.　　This Court has jurisdiction over this action pursuant to: (i) 28 U.S.C. §§ 1331 and 1338 for those violations of the Lanham Act, 15 U.S.C. § 1051 *et seq.*, including claims for trademark infringement and false designation of origin.

1

2. This Court has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(a), including those claims for trademark infringement and unfair competition.

3. Venue is proper under 28 U.S.C. §§ 1391(b) and (c), because, upon information and belief, Defendant does business in, has substantial contacts with and/or as a corporate entity may be considered to reside in the Northern District of California, and a substantial portion of the events at issue have arisen and will arise in this judicial district.

4. Pursuant to Civil Local Rule 3-2(c), this case should be assigned on a district-wide basis because it is an Intellectual Property action.

## PRELIMINARY ALLEGATIONS

5. Plaintiff Kinetic is a corporation organized and existing under the laws of the State of California whose principal place of business is at 550 South G Street, Suite 19, Arcata, CA 95521.

6. Upon information and belief, defendant Kinetic Coffee, Inc. ("KCI" or "Defendant") is a corporation organized and existing under the laws of the State of North Carolina whose principal place of business is at 748 Cooks Mill Road, Mebane, NC 27392.

7. At least as early as April 1, 2003, Kinetic adopted KINETIC COFFEE as its trade name and trademark under which it offers coffee, coffee roasting and distribution services and other related services.

8. Kinetic chose the KINETIC KOFFEE name and mark based on the connotation of energy and human powered activity derived from the word "kinetic." Additionally, the KINETIC KOFFEE name and mark is intended to call to mind the Great Kinetic Sculpture Race, a Humboldt County Memorial Day weekend tradition for over 38 years, with which Kinetic has a long-standing relationship. The Great Kinetic Sculpture Race draws thousands of visitors – both participants and spectators – to Humboldt County from across the country each year.

9. Kinetic is the owner of U.S. Trademark Registration No. 3,179,647 for the mark KINETIC KOFFEE for use in connection with coffee.

10. Kinetic is also the owner of the <kinetic-koffee.com>, <kinetic-coffee.com> and <kinetickoffee.com> domain names. Kinetic's domain names link to its website at <www.kinetic-koffee.com>, where Kinetic offers its goods and services.

11. Kinetic has expended a great deal of time, energy and financial resources in promoting and establishing a national reputation for excellence in the KINETIC KOFFEE trade name and mark and the goods and services offered thereunder, including offering its goods and services through one national distributor and dealers in thirty-four (34) states nationwide in addition to its online offerings.

12. Upon information and belief, in or around December 2003, Defendant began operating under the "Kinetic Coffee" name, offering coffee, coffee roasting and distribution services and other related services – goods and services identical to and competing with Kinetic's KINETIC KOFFEE goods and services.

13. Upon information and belief, Defendant offers its services through its North Carolina location and online at its <www.kineticcoffee.com> website.

14. In or around May 2006, Kinetic became aware that KCI had been offering identical goods and services under a name nearly identical and confusingly similar to its KINETIC KOFFEE name and mark when a representative of KCI contacted Kinetic, informing Kinetic that KCI had received inquiries from Kinetic customers believing KCI to be Kinetic or affiliated with Kinetic.

15. Kinetic informed KCI of its prior rights and goodwill in the KINETIC KOFFEE name and mark and requested that KCI forward any of Kinetic's confused customers contacting KCI to Kinetic. KCI refused to do so.

16. Upon information and belief, in or around May 2006, with knowledge of Kinetic's rights in the KINETIC KOFFEE name and mark, KCI registered the mark KINETIC COFFEE in California – Kinetic's home state – wherein KCI stated that it was the owner of the mark and that no other person had the right to use such mark in California either in the identical form thereof or in such near resemblance thereto as might be calculated to deceive or to be mistaken therefor.

17. Upon information and belief, to date Kinetic has not sought to register or registered the KINETIC COFFEE mark in any other state or federally.

18. Upon information and belief, Defendant adopted and continued to use the KINETIC COFFEE trade name and mark in bad faith with full knowledge of Kinetic's rights in and to the KINETIC KOFFEE name and mark, and with the intent to trade on the association with and goodwill attached to Kinetic.

**FIRST CLAIM FOR RELIEF**
**FEDERAL STATUTORY TRADEMARK INFRINGEMENT [15 U.S.C. § 1114 *et seq.*]**

19. Paragraphs 1-18 are incorporated by reference as though set forth in their entirety herein.

20. Pursuant to 15 U.S.C. section 1115(a), Plaintiff's U.S. federal registration of the KINETIC KOFFEE mark (the "Mark") serves as prima facie evidence of the validity of the registered mark and of the registration of the Mark, of Plaintiff's ownership of the Mark, and of Plaintiff's exclusive nationwide right to use the registered Mark in commerce.

21. In violation of 15 U.S.C. § 1114, Defendant, without Plaintiff's authorization, is using or has used the Mark or a colorable imitation thereof on the <kineticcoffee.com> domain name and related website, in the "Kinetic Coffee" trade name and the KINETIC COFFEE mark, and on or in connection with its coffee and the sale thereof, constituting a use in commerce. Such use in connection with the sale, offering for sale, distribution or advertising of Defendant's coffee, coffee roasting and distribution services and other related services is likely to cause confusion, or to cause mistake, or to deceive customers about the origin of Defendant's goods and services.

22. Defendant's unauthorized use of the Mark constitutes infringement of Plaintiff's Mark. Defendant's use of the Mark on its website, its trade name, its coffee and in connection with services related thereto constitutes a misappropriation of Plaintiff's goodwill in the Mark, wherein Defendant is knowingly using, and unless enjoined will, upon information and belief, continue using the goodwill established in the Mark to sell Defendant's own goods and services.

23. Both Kinetic and Defendant offer identical or highly similar goods and services,

through the same channels of trade, i.e., the Internet and through physical locales.

24. Kinetic has no control over the nature and quality of the services offered by Defendant under the <kineticcoffee.com> domain name and related website or through the KCI North Carolina store. Kinetic's reputation and goodwill will be damaged and the value of the KINETIC KOFFEE Mark is jeopardized by Defendant's continued use of the <kineticcoffee.com> domain name and related website and the KINETIC COFFEE name and mark on or in connection with its goods and services.

25. Defendant's act of infringement has caused and is causing great and irreparable injury to Plaintiff and its trade name and to the Mark and goodwill represented thereby, in an amount that cannot be ascertained at this time. Unless this infringement is enjoined, Defendant's use will cause further irreparable injury leaving Plaintiff with no adequate remedy at law.

26. Defendant's infringement of the Mark is in bad faith and deliberate, willful and fraudulent and without any extenuating circumstances, constituting a knowing use of the Mark and an exceptional case within the meaning of Lanham Act section 35, 15 U.S.C. § 1117. Kinetic is therefore entitled to recover three times the amount of: (1) Defendant's profits and (2) Kinetic's actual damages, including prejudgment interest. Kinetic is further entitled to recover attorneys' fees and costs incurred in this action.

## SECOND CLAIM FOR RELIEF
## COMMON LAW SERVICE MARK INFRINGEMENT

27. Paragraphs 1-26 are incorporated by reference as though set forth in their entirety herein.

28. Defendant has infringed Plaintiff's rights in the Mark by its acts as herein above alleged, including operating under the "Kinetic Coffee" name, using and registering the KINETIC COFFEE mark and operating its confusingly similar website, all on or in connection with its goods and services. Said use of the Mark is without permission or authority of Plaintiff and said use by Defendant is likely to cause confusion, to cause mistake, and to deceive.

29. Defendant's acts of trademark infringement and unfair competition have been committed with intent to cause confusion, mistake, and to deceive.

30. Plaintiff has been damaged in an amount to be proven at trial, and Plaintiff is entitled to an accounting of Defendant's profits as well as enhanced remedies as provided by law for Defendant's willful conduct.

31. By engaging in the conduct as herein above alleged, Defendant has acted willfully, maliciously, oppressively and fraudulently, and Plaintiff is therefore entitled to punitive damages in an amount according to proof.

## THIRD CLAIM FOR RELIEF
## UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN [15 U.S.C. § 1125(a)]

32. Paragraphs 1-31 are incorporated by reference as though set forth in their entirety herein.

33. Defendant's unauthorized use of the Mark, in its infringing trade name and mark and confusingly similar domain name and related website on or in connection with its goods and services, has a tendency to deceive or confuse customers into believing that Defendant's goods and services are affiliated with Plaintiff, sponsored or approved by Plaintiff, or otherwise associated with or authorized by Plaintiff in violation of 15 U.S.C. § 1125(a)(1)(A). Such conduct on the part of Defendant constitutes a willful intent to trade on Plaintiff's reputation.

34. Defendant's acts of unfair competition and false advertising have caused and are causing great and irreparable injury to Plaintiff and to the goods and services and goodwill represented thereby, in an amount that cannot be ascertained at this time, and unless enjoined, will cause further irreparable injury, leaving Plaintiff with no adequate remedy.

35. By reason of the foregoing, Plaintiff is entitled to injunctive relief against Defendant, restraining further acts of unfair competition, false designation of origin, and false advertising, and to recover attorneys' fees and any damages proved to have been caused by reason of Defendant's aforesaid acts of unfair competition and false designation of origin.

## FOURTH CLAIM FOR RELIEF
## STATUTORY UNFAIR COMPETITION (Cal. Bus. & Prof. Code §17200)

36. Paragraphs 1-35 are incorporated by reference as though set forth in their entirety herein.

37. Defendant's activities complained of herein constitute unfair, deceptive and unlawful practices in violation of California Business and Professions Code Section 17200 *et seq.* to the injury of Plaintiff and the public.

38. The conduct of Defendant as alleged herein will, unless enjoined, harm Plaintiff and cause irreparable injury including the serious impairment of the value of the Mark. Plaintiff is entitled to restitution from Defendant of any money they have received or acquired as a result of its unfair competition.

39. Plaintiff has been damaged in an amount to be proven at trial, and Plaintiff is entitled to an accounting of Defendant's profits as well as enhanced remedies as provided by law for Defendant's willful conduct.

## FIFTH CLAIM FOR RELIEF
## COMMON LAW UNFAIR COMPETITION

40. Paragraphs 1-39 are incorporated by reference as though set forth in their entirety herein.

41. Defendant's activities complained of herein constitute unfair and unlawful practices in violation of the common law of the State of California to the injury of Plaintiff and the public.

42. Defendant's conduct as alleged herein will, unless enjoined, damage Plaintiff in an amount to be determined at trial and will cause irreparable injury, including the serious impairment of the value of the Mark.

43. Plaintiff is entitled to an accounting of Defendant's profits as well as enhanced remedies as provided by law for Defendant's willful conduct.

44. By engaging in the conduct herein above alleged, Defendant has acted willfully, maliciously, oppressively and fraudulently, and Plaintiff is therefore entitled to punitive damages in an amount according to proof.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays:

1. That Defendant, its agents, servants employees, representatives, attorneys, subsidiaries, related companies, successors, assigns and all other in active concert or participation with Defendant be:

    (a) Preliminarily and permanently enjoined from using in any manner the Mark or any colorable imitation of the Mark, or anything confusingly similar thereto or likely to cause harm or injury to Plaintiff's business reputation, to identify Defendant's goods or services or in connection with advertising or promotion of Defendant's goods or services;

    (b) Compelled to transfer the <kineticcoffee.com> domain name or that said domain name be canceled;

    (c) Compelled to transfer the KINETIC COFFEE California state trademark registration or that said registration be canceled.

2. That Defendant, its agents, servants, employees, representatives, attorneys, subsidiaries, related companies, successors, assigns and all others in active concert or participation with Defendant, take affirmative steps to dispel such false impressions that heretofore have been created by Defendant's use of the KINETIC COFFEE name and mark.

3. That Defendant account to Plaintiff for Defendant's profits arising from the foregoing acts of infringement, false designation of origin, and unfair competition.

4. That pursuant to 15 U.S.C. § 1117(a), Plaintiff be awarded three times the greater of:

    (a) Plaintiff's damages, in an amount to be determined at trial; or

    (b) Defendant's profits, in an accounting demanded in the preceding paragraph.

5. That Plaintiff have and recover its costs, including its reasonable attorneys' fees and disbursements in this action pursuant to 15 U.S.C. § 1117(a).

6. That Plaintiff be awarded any other relief as this Court may deem appropriate to prevent the public from deriving the erroneous impression that Defendant is associated or connected with Plaintiff or that any goods or services provided, promoted or sold by Defendant are authorized by Plaintiff or are related in any way to Plaintiff or its goods or services;

1     7.    That Plaintiff be awarded punitive damages as authorized under California law in view of Defendant's intentional and willful infringements of the KINETIC KOFFEE name and mark.

    8.    That Plaintiff has such other and further relief as this Court may deem just and proper.

Dated: May 14, 2007

Respectfully submitted,

OWEN, WICKERSHAM & ERICKSON, P.C.

By: _____
Noel M. Cook
Alica Del Valle
445 Market Street, 19th Floor
San Francisco, CA 94105
Tel. (415) 882-3200
Fax (415) 882-3232

Attorneys for Plaintiff
KINETIC KOFFEE COMPANY, INC.

## CERTIFICATION RE INTERESTED PARTIES OR PERSONS

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date the only interested party is Plaintiff, Kinetic Koffee Company, Inc. Other than as set forth above, there is no such interest to report.

Dated: May 14, 2007

Respectfully submitted,

OWEN, WICKERSHAM & ERICKSON, P.C.

By: _____
Noel M. Cook
Alica Del Valle
445 Market Street, 19th Floor
San Francisco, CA 94105
Tel. (415) 882-3200
Fax (415) 882-3232

Attorneys for Plaintiff
KINETIC KOFFEE COMPANY, INC.

## DEMAND FOR JURY TRIAL

Plaintiff, Kinetic Koffee Company, Inc., demands a jury trial for all claims as provided for in Rule 38 of the Federal Rules of Civil Procedure.

Dated: May 14, 2007

Respectfully submitted,

OWEN, WICKERSHAM & ERICKSON, P.C.

By: _____
Noel M. Cook
Alica Del Valle
445 Market Street, 19th Floor
San Francisco, CA 94105
Tel. (415) 882-3200
Fax (415) 882-3232

Attorneys for Plaintiff
KINETIC KOFFEE COMPANY, INC.

S:\1Clients\KINET\COMPLAINT.doc